UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCAMP SEATA VAI, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A., *et al.*,<br><br>　　　　Defendants.<br>_____/ | No. C-13-0294 EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

　　　　Having considered the motion, all papers that are related thereto, and the argument of counsel, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss for the reasons stated on the record, and as summarized, in part, below.

　　　　The Court **GRANTS** Defendants' motion to dismiss Plaintiffs' first cause of action brought pursuant to the Truth in Lending Act (TILA), as it is barred by the statute of limitations. As equitable tolling is not available for TILA rescission claims, Plaintiffs' first cause of action is dismissed with prejudice to the extent it seeks rescission. However, as equitable tolling is available for TILA damages, Plaintiffs' first cause of action is dismissed without prejudice and with leave to amend to the extent it seeks damages.

　　　　The Court **GRANTS** Defendants' motion to dismiss Plaintiffs' second cause of action brought pursuant to the Real Estate Settlement Procedures Act (RESPA), as it is barred by the statute of limitations. As equitable tolling is available for RESPA claims, Plaintiffs' second cause of action is dismissed without prejudice and with leave to amend.

The Court **GRANTS** Defendants' motion to dismiss Plaintiffs' third cause of action brought pursuant to the Equal Credit Opportunity Act (ECOA), as it is barred by the statute of limitations and Plaintiffs have not pled sufficient facts to set forth an ECOA claim of discrimination. As equitable tolling is available for ECOA claims, Plaintiffs' third cause of action is dismissed without prejudice and with leave to amend.

The Court **GRANTS** Defendants' motion to dismiss Plaintiffs' fourth cause of action brought pursuant to the Gramm-Leach-Bliley Act (GLBA), as Plaintiffs concede that they have not set forth a claim. *See* Pl.'s Opp'n, Docket No. 12, 4:18-20. Given Plaintiffs' concession, the fourth cause of action is dismissed with prejudice and without leave to amend.

The Court **GRANTS** Defendants' motion to dismiss Plaintiffs' fifth cause of action brought pursuant to the Fair & Accurate Credit and Transactions Act (FACTA), as Plaintiffs concede that Defendants are not "credit reporting agencies" within the meaning of FACTA, as required to set forth a claim. *See* Pl.'s Opp'n 4:22-24; *Kakogui v. Am. Brokers Conduit*, No. C-09-4841 JF, 2010 WL 1265201, at *5-6 (N.D. Cal. Mar. 30, 2010) (FACTA applies only to credit reporting agencies). Given Plaintiffs' concession, the fifth cause of action is dismissed with prejudice and without leave to amend.

The Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss Plaintiffs' sixth cause of action brought pursuant to the Perata Mortgage Relief Act, California Code of Civil Procedure section 2923.5 ("section 2923.5"). Plaintiffs have sufficiently pled facts from which it can be inferred that Defendants did not engage in due diligence to contact Plaintiffs to assess Plaintiffs' financial situation and explore options to prevent foreclosure, as required by section 2923.5. However, Plaintiffs' sixth cause of action is dismissed to the extent it seeks loan modification as a remedy, which is not available under section 2923.5. Moreover, Plaintiffs' sixth cause of action is dismissed to the extent it is based on Defendants' failure to modify Plaintiffs' loan, as section 2923.5 only requires a lender to contact a borrower to assess the borrower's financial situation and explore options to prevent foreclosure, not to actually modify the borrower's loan. Pursuant to *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 225-26 (2010), and *Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522, 526 (2011), Plaintiffs do not need to allege an ability to

tender, in part or in full, the value of their loan obligation in order to pursue a claim under section 2923.5. In sum, Plaintiffs have alleged sufficient facts to set forth a claim under section 2923.5, although, as discussed on the record, they are limited in the remedies they may seek.

The Court **GRANTS** Defendants' motion to dismiss Plaintiffs' seventh cause of action for fraud, as it is barred by the statute of limitations, Plaintiffs have not pled sufficient facts to justify application of the discovery rule, and Plaintiffs have not pled sufficient facts to state a claim pursuant to Federal Rule of Civil Procedure 9(b). The dismissal is without prejudice and with leave to amend.

Plaintiffs are advised that, in amending their complaint, they should not re-assert the claims dismissed without prejudice unless they have a basis for doing so consistent with Federal Rule of Civil Procedure 11. In addition, Plaintiffs may not add additional claims not addressed by this Order without seeking prior leave of Court. Plaintiffs may amend their complaint within thirty days of the date of this order if they so choose, otherwise the Court will dismiss with prejudice the claims dismissed without prejudice herein.

This order disposes of Docket No. 4.

IT IS SO ORDERED.

Dated: April 4, 2013

_____
EDWARD M. CHEN
United States District Judge

3