UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCAMP SEATA VAI, *et al.*, | No. C-13-0294 EMC |
| Plaintiffs, | |
| v. | **ORDER RE PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |
| WELLS FARGO BANK, N.A., *et al.*, | |
| Defendants. | **(Docket No. 50)** |

Previously, the Court referred the above-referenced case to ADR for mediation. The Court stayed formal discovery prior to mediation. *See* Docket No. 37 (civil minutes). A mediation session was held on August 28, 2013, but the case did not settle. Subsequently, the Court held a case management conference in which it (1) noted that a follow-up mediation session was scheduled for November 7, 2013, and (2) ordered Defendants to file a motion for summary judgment by the same date, with the hearing to be held on December 19, 2013. *See* Docket No. 48 (civil minutes).

Although Defendants had until November 7, 2013, to file their motion, they filed their motion early, on September 23, 2013. *See* Docket No. 49 (motion). Plaintiffs filed a response approximately two weeks later in which they asked that (1) the motion be continued until mediation was completed and (2) the motion be continued so that Plaintiffs could obtain discovery (which had been stayed) to oppose the motion. *See* Docket No. 50 (opposition). On November 7, 2013, the mediation was completed with no settlement. *See* Docket No. 51 (notice). The Court then contacted Plaintiffs to determine whether they intended to file a further opposition to the motion for summary

judgment or whether they intended to stand on the earlier-filed opposition. Plaintiffs indicated the latter, reiterating that they needed to obtain discovery to oppose the motion.

In essence, Plaintiffs have made a request to defer a hearing on the summary judgment motion pursuant to Federal Rule of Civil Procedure 56(d). *See* Fed. R. Civ. P. 56(d) (providing that a court may allow time for a party to take discovery to oppose a motion for summary judgment). However, at this juncture, Plaintiffs' Rule 56(d) request is deficient because they have not "by affidavit or declaration [shown] that, for specified reasons, [they] cannot present facts essential to justify [their] opposition." Fed. R. Civ. P. 56(d). For example, Plaintiffs have not identified what discovery they need to take in order to properly oppose the summary judgment motion.

Accordingly, the Court hereby orders Plaintiffs to file by November 25, 2013 an affidavit or declaration in compliance with Rule 56(d). The affidavit or declaration must specifically describe the discovery needed by Plaintiffs to oppose Defendants' motion. By December 2, 2013, Defendants shall file a response to Plaintiffs' affidavit/declaration. After reviewing the parties' submissions, the Court shall determine whether the motion shall proceed for hearing on December 19, 2013.

IT IS SO ORDERED.

Dated: November 18, 2013

_____
EDWARD M. CHEN
United States District Judge

2