1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                   NORTHERN DISTRICT OF CALIFORNIA
7
8   VANCAMP SEATA VAI, *et al.*,              No. C-13-0294 EMC
9            Plaintiffs,
10      v.                                    **ORDER GRANTING IN PART**
                                              **DEFENDANTS' MOTION FOR**
11  WELLS FARGO BANK, N.A., *et al.*,         **SUMMARY JUDGMENT; AND**
                                              **GRANTING PLAINTIFFS' RULE 56(D)**
12           Defendants.                      **REQUEST**

13  _____/         **(Docket Nos. 49, 53)**
14
15
16          Previously, the Court ordered Plaintiffs to file an amended Rule 56(d) request because their
17  prior request had been deficient (*e.g.*, it failed to identify what discovery Plaintiffs needed to take to
18  oppose Defendants' motion for summary judgment). *See* Docket No. 52 (Order at 2). Plaintiffs
19  have now filed their amended Rule 56(d) request, and Defendants have filed a response thereto.
20  Having considered the parties' submissions, the Court hereby rules as follows.
21          Defendants argue that the Court should deny Plaintiffs' Rule 56(d) request because the
22  information sought through Plaintiffs' proposed discovery "'is almost certainly nonexistent or is the
23  object of pure speculation.'" Reply at 3. While the Court is not without some sympathy for
24  Defendants' position, it shall not at this time dismiss Wells Fargo. Rather, the Court concludes that
25  Plaintiffs should be allowed to take either a deposition of Michael Dolan or a 30(b)(6) deposition of
26  Wells Fargo in order to test the claims made in the declaration of Mr. Dolan, which was tendered in
27  support of Defendants' motion for summary judgment. Furthermore, Plaintiffs are permitted to
28  propound document requests on Wells Fargo as requested – *i.e.*, communications and documents

United States District Court
For the Northern District of California

from Wells Fargo (or World Savings or Wachovia) to Plaintiffs between September 1, 2010, to July 31, 2012, regarding "preforeclosure contacts or attempted contacts with [P]laintiffs pertaining to their mortgage loan; that is, any and all contacts related to assessing and exploring alternatives to foreclosure prior to the recording of a Notice of Default." Docket No. 53 (Paris Decl. at 3). Interrogatories, however, shall not be permitted.

While the Court, for the foregoing reasons, shall not rule on the summary judgment motion as to Wells Fargo, it concludes that summary judgment in favor of Golden West is proper at this time. Although Golden West may have been involved with the issuance of the notice of default, *see* Dolan Decl., Exs. P-Q (documents reflecting that Cal-Western was not substituted as trustee until July 30, 2012, *i.e.*, two days after the notice of default was signed and that Cal-Western could have signed the notice of default as "agent for the trustee"), there is nothing to indicate that Golden West is the trustee for the deed of trust today. Indeed, it appears undisputed that Cal-Western is the current trustee. *See* Compl. ¶¶ 7-8. That being the case, even if Plaintiffs were to prevail on their sole claim for relief pursuant to California Civil Code § 2923.5, the only remedy they could obtain would be "a simple postponement of the foreclosure sale, nothing more," *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214 (2010), and an injunction postponing the foreclosure sale would only have relevance for Cal-Western as the current trustee (and Wells Fargo as the lender), not Golden West as the former trustee.

///
///
///
///
///
///
///
///
///
///

United States District Court

For the Northern District of California

Accordingly, the Court hereby **GRANTS** in part the motion for summary judgment. Summary judgment in favor of Golden West is proper.  As to Wells Fargo, the Court **DEFERS** a ruling on the motion for summary judgment.  Plaintiffs shall have until **January 15, 2014**, to complete the discovery permitted above.  By January 30, 2014, Plaintiffs shall file their opposition to Wells Fargo's motion for summary judgment.  By February 6, 2014, Wells Fargo shall file its reply.  The December 19, 2013, hearing is **VACATED**.  After reviewing the parties' briefs, the Court shall determine whether a hearing is necessary.

IT IS SO ORDERED.

Dated:  November 26, 2013

_____
EDWARD M. CHEN
United States District Judge

**United States District Court**
For the Northern District of California

3